**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

**JALISKA MARTE**,

        Plaintiff,

        v.

**WALMART, INC.**,

        Defendant.

Civil Action No. 23-11081 (ZNQ) (JTQ)

**OPINION**

---

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion for Summary Judgment filed by Defendant Walmart, Inc. ("Defendant"). ("Def.'s Mot.," ECF No. 32.) Defendant submitted a brief in support of its Motion. ("Def.'s Moving Br.," ECF No. 32-1.) Plaintiff Jaliska Marte ("Plaintiff") submitted a brief in opposition ("Pl.'s Opp'n Br.," ECF No. 33), and Defendant replied ("Def.'s Reply Br.," ECF No. 36).

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant's Motion for Summary Judgment.

1

I.    **BACKGROUND AND PROCEDURAL HISTORY**

The following facts are drawn from Defendant's Statement of Material Facts, which are undisputed.[1] ("Def.'s SOMF," ECF No. 32-3.)

On March 14, 2021, Plaintiff slipped and fell over a safety cone at Defendant's Howell, New Jersey location. (*Id.* ¶¶ 4, 10.)  Approximately ten minutes before Plaintiff fell, a customer hit the safety cone with his foot and knocked it over.  (*Id.* ¶¶ 10, 12.)  One minute before the accident, an individual who was wearing an apron walked past the safety cone.  (*Id.* ¶¶ 14–17.)  That individual was not one of Defendant's employees but was identified by Defendant's Asset Protections Operations Coach as a McDonalds employee.  (*Id.* ¶¶ 15–16.)

On March 13, 2023, Plaintiff filed a Complaint in the Superior Court of New Jersey, Monmouth County, against Defendant asserting negligence causes of action for: (1) failing to remedy a dangerous or hazardous condition; and (2) failing to warn Plaintiff of a dangerous or hazardous condition.  (*Id.* ¶ 2; *see generally* "Compl.," ECF No. 1-1.)  Defendant removed this action on August 25, 2023, and filed an answer with crossclaims for contribution and indemnification against fictitious defendants John Doe 1–5 and XYZ Corp 1–5 on September 15, 2023.  (Def.'s SOMF ¶¶ 1–2; "Answer" at 5–6, ECF No. 5.)

---

[1] In the instant matter, Plaintiff has not filed a responsive statement of material facts or a supplemental statement of disputed material facts in a separate document with numbered paragraphs citing to the record.  Instead, Plaintiff embeds her statement of disputed material facts within her brief and does not cite to affidavits or other documents in the record to support her contentions.  Plaintiff has thus not complied with Local Civil Rule 56.1(a), which requires that "[e]ach statement of material facts be in a separate document (not part of a brief)" with "separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion[.]" L. Civ. R. 56.1(a).  Accordingly, the Court construes Defendant's statement of material facts as undisputed for purposes of this Motion.  *See Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175–76 (3d Cir. 1990) (explaining that the failure to dispute a party's statement of material facts "is not alone a sufficient basis for the entry of summary judgment," but rather, it is "a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it.").

The parties completed discovery in September 2025 (ECF No. 26), and Defendant filed the instant Motion for Summary Judgment on November 28, 2025.[2]  (Def.'s Mot.)  Plaintiff filed her opposition on December 23, 2025 (Pl.'s Opp'n Br.), and Defendant replied on December 29, 2025 (Def.'s Reply Br.).[3]

## II.   **SUBJECT MATTER JURISDICTION**

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.  (*See generally* ECF No. 1.)

## III.   **LEGAL STANDARD**

Rule 56[4] provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000).  The moving party bears the burden of establishing that no genuine dispute of material fact remains.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving

---

[2] On September 24, 2025, Plaintiff filed correspondence requesting ninety additional days to complete discovery. (ECF No. 27.)  The Magistrate Judge entered a Text Order on the docket instructing Plaintiff to file a formal motion requesting the reopening of discovery by October 15, 2025 since the parties represented that discovery was complete in the September 4, 2025 status conference.  (ECF Nos. 26, 29.)  Plaintiff did not do so by the Court's deadline, and as such, the discovery period has expired.

[3] The parties submitted a joint proposed briefing schedule on November 14, 2025, which the Magistrate Judge entered on November 21, 2025.  (ECF Nos. 30, 31.)  Pursuant to that briefing schedule, Defendant was to file its Motion on November 28, 2025, Plaintiff was to file her opposition on December 8, 2025, and Defendant was to file its reply on December 15, 2025.  (*See* ECF No. 31.)  When Defendant filed its Motion on November 28, 2025, the Clerk's Office automatically generated a message setting the motion return date for January 5, 2026 before the Undersigned.  (*See* ECF Docket Sheet, Dec. 1, 2025 Clerk's Office Entry.)  In turn, the January 5, 2026 motion return date required Plaintiff's opposition to be filed on December 22, 2025.  However, the Clerk's Office automatic message stated that it did not supersede any prior orders from the Court.  (*See id.*)  Plaintiff nevertheless untimely filed her opposition brief on December 23, 2025 without requesting leave from the Court despite the entry of either (1) the parties' briefing schedule or (2) the automatically generated Clerk's Office message.  On December 23, 2025, Defendant filed correspondence on the docket, objecting to Plaintiff's tardy filing of her opposition brief. (ECF No. 34.)  In responsive correspondence, Plaintiff's counsel cited calendaring and technological issues contributing to the delay.  (ECF No. 35.)  Based on that good faith representation by Plaintiff's counsel, the Court finds good cause to accept Plaintiff's late submission of her opposition brief.

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine disputes of material fact exist). "[U]nsupported allegations in . . . pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990).

In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 248–49. The summary judgment standard, however, does not operate in a vacuum. The Court "must view the evidence presented through the prism of the substantive evidentiary burden," *id.* at 254, and construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny P.A.*, 139 F.3d 386, 393 (3d Cir. 1998).

## IV.    **DISCUSSION**

Defendant contends that the entry of judgment in its favor is warranted as Plaintiff has failed to establish a negligence cause of action. (*See generally* Def.'s Moving Br.) As part of Defendant's Motion, it challenges the admissibility of the report from Plaintiff's liability expert. (*Id.* at 10–15.) Before turning to the merits of Defendant's Motion, the Court addresses the admissibility of Plaintiff's expert report.

## A.      PLAINTIFF'S EXPERT LIABILITY REPORT

Defendant argues that the liability report from Plaintiff's retail expert, Daniel Schroeder, CSM ("Schroeder"), is an inadmissible net opinion because the expert's conclusions lack factual basis.  (Def.'s Moving Br. at 10–15.)  Plaintiff responds that any lack of factual foundation for Schroeder's conclusions was caused by Defendant withholding discovery.  (Pl.'s Opp'n Br. at 16–17.)  Defendant represents that it has complied with its discovery obligations prior to the close of discovery.[5]  (Def.'s Reply Br. at 2.)  For the reasons that follow, the Court finds that Schroeder's report is an inadmissible net opinion.

Courts may only consider admissible evidence on a motion for summary judgment.  *Lopez v. Honeywell Int'l Inc.*, Civ. No. 10-3518, 2014 WL 3500326, at \*9 (D.N.J. July 14, 2014).  "[A]n expert's bare conclusions, unsupported by factual evidence are an inadmissible net opinion." *Faragalla v. Otundo*, 626 F. Supp. 3d 783, 786 (D.N.J. 2022) (quoting *W. Am. Ins. Co. v. Jersey Cent. Power & Light Co.*, Civ. No. 03-6161, 2008 WL 5244232, at \*5 (D.N.J. Dec. 15, 2008)). "The net opinion rule requires the expert to give the why and wherefore of the opinion, rather than a mere conclusion." *Iudici v. Camisa*, Civ. No. 12-3466, 2022 WL 3998295, at \*2 (D.N.J. Sep. 1, 2022) (citation modified).

---

[5] To the extent Plaintiff implies that there is more discovery to be conducted, Rule 56(d) governs the relief Plaintiff seeks.  That Rule permits a court to defer or deny consideration of a summary judgment motion if the non-movant shows by affidavit or declaration specific reasons as to why the non-movant cannot present facts essential to support the opposition to summary judgment.  Fed. R. Civ. P. 56(d).  However, "[a] request for relief under [Rule 56(d)] is extremely unlikely to succeed when the party seeking delay has failed to take advantage of discovery." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986).  Given the parties' representation to this Court that discovery is complete, as well as Plaintiff's failure to request the reopening of discovery by the deadline ordered by the Magistrate Judge, *supra* n.2, it is not a defense to summary judgment to allege that Defendant withheld documents essential to proving Plaintiff's case. *See Finizie v. Peake*, 548 F. Supp. 2d 171, 179 (E.D. Pa. 2008) (explaining that the failure to produce documents is "an issue is properly raised in the context of a motion to compel, not as a defense to summary judgment. . . . Rule 56 does not allow a non-moving party to avoid summary judgment by positing the existence of documents it does not have, but instead requires the party opposing summary judgment to actually produce them.").

Here, the Court finds Schroeder's expert opinion riddled with inadmissible net opinions. For example, Schroeder opines that, by allowing the cone to remain tipped over, Defendant violated its own policy and procedures based upon Schroeder's experience in the retail industry. ("Schroeder Report," at 6, ECF No. 33-5.)   This assertion lacks factual foundation because Schroeder neither cites Defendant's policies and procedures in his report nor lists Defendant's policies and procedures in the "Works Cited" section of the report. (*Id.* at 14.)  Additionally, there is no discussion in the report as to what Defendant's policies and procedures are and how Defendant violated them.  Moreover, there is no information regarding Schroeder's experience contained within the report—such as a curriculum vitae or publications—or discussion about such experience that would lend support for this opinion.  This conclusion therefore lacks the "why and wherefore" required by an expert report. *Iudici*, 2022 WL 3998295, at *2.

Schroeder additionally concludes that the person wearing an apron could have eliminated the hazard posed by the tipped-over cone because "[i]t is the responsibility of the store leadership and staff to actively look for hazards during their work shifts in order to maintain a safe shopping environment."  (Schroeder Report at 8.)  This contention similarly lacks the "why and wherefore" necessary for expert reports because Schroeder offers no explanation or discussion for his finding that the person wearing an apron was Defendant's employee.  (*See generally id.*)

Connecting his two assertions, Schroeder ultimately concludes that Defendant was responsible for Plaintiff's fall and resulting injuries because: (1) "there was a specific opportunity for the hazard to be observed, identified[,] and eliminated before the incident by the employee walking past the safety cone less than 1 minute before the incident"; (2) "had the area been adequately inspected, monitored, and maintained reasonably safe and in compliance with the subject documentation, the subject condition would have been corrected"; and (3) Defendant's

6

"responsibility comes in the form of training and procedures to ensure that store leadership, as well as their employees recognize, mitigate, and eliminate potential risks in a reasonable manner." (*Id.* at 13.) Without any discussion of Defendant's policies and procedures or deposition testimony by Defendant's corporate representative to support Schroeder's conclusion of liability, his report constitutes nothing more than bare conclusions in Plaintiff's favor. The Court, accordingly, finds that Schroeder's report is a net opinion that cannot be considered for the purposes of deciding Defendant's Motion.[6]

### B.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant contends that Plaintiff cannot sustain a negligence cause of action against it because Plaintiff has not presented evidence that: (1) the tipped-over orange cone constituted a dangerous condition; and (2) Defendant had notice of the dangerous condition. (*See generally* Def.'s Moving Br.) Plaintiff responds that summary judgment should be denied because her liability expert conclusively opined that Defendant's employee walked past the tipped-over cone one minute before Plaintiff fell and failed to remedy the dangerous condition causing Plaintiff's fall. (*See generally* Pl.'s Opp'n Br.)

Under New Jersey law, "[t]he fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." *Shields v. Ramslee Motors*, 223 A.3d 172, 176 (N.J. 2020) (citation omitted). "Generally, a proprietor's duty to his invitee is one of due care under all the circumstances." *Prioleau v. Ky. Fried Chicken, Inc.*, 122 A.3d 328, 335 (N.J.

---

[6] The Court further observes that Schroeder's report is unsworn. For purposes of summary judgment, "Rule 56 requires an expert report to be sworn by the alleged expert." *Snead v. Casino*, 700 F. Supp. 3d 203, 215 (D.N.J. 2023) (citing Fed. R. Civ. P. 56(c)(4)). "Unsworn expert reports are inadmissible on a summary judgment motion." *Id.* (citing *Fowle v. C&C Cola, a Div. of ITT-Cont'l Baking Co.*, 868 F.2d 59, 67 (3d Cir. 1989)). Here, Plaintiff attached Schroeder's report as an exhibit to the Certification of Plaintiff's Counsel, and the substance of the report was not sworn to by Schroeder. (*See* ECF Nos. 33-4, 33-5.) This provides a separate and independent ground for the Court to reject the report.

2015) (quoting *Bozza v. Vornado, Inc.*, 200 A.2d 777, 780 (N.J. 1964)).   The duty owed to a business invitee "encompasses the duty to conduct a reasonable inspection to discover latent dangerous conditions."   *Rowe v. Mazel Thirty, LLC*, 34 A.3d 1248, 1256 (N.J. 2012) (quoting *Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110, 1113 (N.J. 1993)).   Additionally, "an injured plaintiff asserting a breach of that duty must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident."   *Layden v. Target Corp.*, 768 F. App'x 152, 156 (3d Cir. 2019) (quoting *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003)).

The Court begins with whether Defendant had constructive notice of the tipped-over cone assuming that it constitutes a dangerous condition.[7]   *See Supreme v. Village Super Market of NJ, LP*, Civ. No. A-2305-24, 2026 WL 1045379, at *3 (N.J. Super. Ct. App. Div. Apr. 17, 2026) ("Absent proof of . . . constructive notice, a premises liability claim ultimately fails.").   "Liability for injuries caused by premises defects is imposed when a plaintiff establishes a defendant knew or had the reasonable opportunity to discover and correct the defect."   *Prioleau v. Ky. Fried Chicken, Inc.*, 85 A.3d 1015, 1022 (N.J. Super. Ct. App. Div. 2014), *aff'd as modified and remanded*, 122 A.3d 328 (N.J. 2015) (citation omitted).   Constructive notice is usually a question of fact for the jury, *Betancourt v. Home Depot U.S.A., Inc.*, Civ. No. 16-7255, 2018 WL 3954854, at *5 (D.N.J. Aug. 16, 2018), but may be appropriate for summary judgment when no reasonable juror could conclude otherwise, *Troupe v. Burlington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. Super. Ct. App. Div. 2016) (citations omitted).   A business owner has constructive notice "when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'"   *Troupe*, 129

---

[7] Plaintiff does not argue that Defendant had actual notice.  (*See* Pl.'s Opp'n Br. at 13 (arguing constructive notice).)

A.3d at 1114 (quoting *Parmenter v. Jarvis Drug Store, Inc.*, 138 A.2d 548, 550 (N.J. Super. Ct. App. Div. 1957)).  "Constructive notice can be inferred in various ways," such as eyewitness testimony or from "[t]he characteristics of the dangerous condition giving rise to the slip and fall." *Id.*  "However, the mere existence of an alleged dangerous condition is not constructive notice of it." *Jeter v. Sam's Club*, 271 A.3d 317, 324 (N.J. 2022) (citation modified).

Here, Plaintiff fails to reference any evidence in opposition to Defendant's Motion beyond Schroeder's report, which the Court already found it cannot consider.[8]  (*See generally* Pl's Opp'n Br.)  The Motion record lacks, for example: (1) corporate witness depositions; (2) eyewitness statements; (3) Defendant's policies, procedures, or inspection protocols; and (4) Defendant's records on the day of the incident.  The only proof available to demonstrate constructive notice is the fact that the cone was knocked over ten minutes prior to Plaintiff's fall.  (Def.'s Surveillance Footage at 2:31:09–2:41:15, ECF No. 32-11.)  While the length of time a hazard was present is a "key fact in determining constructive notice," *Garcia v. Walmart, Inc.*, Civ. No. 17-03118, 2021 WL 754006, at *5 (D.N.J. Feb. 26, 2021), standing alone, it is insufficient to create a dispute of material fact.  *See, e.g.*, *Bowman v. Wal-Mart Stores E., LP*, Civ. No. 14-3182, 2015 WL 568570, at *5 (E.D. Pa. Feb. 10, 2015) (applying Pennsylvania law to conclude that "[t]he approximately four-minute period between the spill and Bowman's fall is a short duration from which to find constructive notice for a hazard not caused by Wal-Mart.").

Additionally, even if the Court were to assume that the apron-wearing individual was Defendant's employee, there is no evidence in the record to suggest she was expected to inspect

---

[8] Even if the Court did consider Schroeder's report, the New Jersey Supreme Court has found that an expert's report containing a net opinion is insufficient to sustain a plaintiff's burden in demonstrating constructive notice.  *See Polzo v. County of Essex*, 960 A.2d. 375, 382, 384 (N.J. 2008) (explaining, in the context of New Jersey's Tort Claims Act, "the only evidence presented by plaintiff that the alleged dangerous condition qualified for constructive notice is the report of plaintiff's engineering expert. . . . [A] net opinion alone is insufficient to sustain plaintiff's burden of establishing that the public entity was on constructive notice of a dangerous condition.").

for hazardous conditions when she walked past the tipped-over cone one minute prior to Plaintiff's fall. *See Choi v. Costco Wholesale Corp.*, Civ. No. 22-3329, 2024 WL 658972 at *3 (3d Cir. Feb. 16, 2024) (rejecting argument that Costco had constructive notice where employee was stocking shelves near a hazardous condition that existed for fifteen minutes before the plaintiff's fall); *Adler v. Wakefern Food Corp.*, Civ. No. A-0026-18T4, 2019 WL 3003439, at *3 (N.J. Super. Ct. App. Div. July 10, 2019) (per curium) (finding no constructive notice where an employee was stocking shelves near a hazardous condition because no evidence existed that the employee was expected to monitor floor conditions).

Plaintiff has therefore not met her burden in "mak[ing] a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial." *Celotex Corp*, 477 U.S. at 322. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. Accordingly, Defendant is entitled to summary judgment as to all claims.[9]

As a final, procedural matter, the Court will also *sua sponte* dismiss Defendant's crossclaims for contribution and indemnification against fictitious defendants John Doe 1–5 and XYZ Corp 1–5. (*See* Answer at 5–6.) These defendants were never identified after the parties completed discovery. *See* Fed. R. Civ. P. 21; *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250–51 (3d Cir. 2009) (affirming district court's *sua sponte* dismissal of fictitious defendants that were not identified in discovery).

---

[9] The Court does not reach Defendant's remaining arguments.

## V.    <u>CONCLUSION</u>

For the reasons stated above, the Court will GRANT Defendant's Motion for Summary

Judgment and dismiss Defendant's crossclaims against fictious parties.  An appropriate Order will

follow.


Date: June 16, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
